ffifr. Justice Huger
'delivered the opinion bf the court.
When a new remedy or a new cause of action is given by a statute, the plaintiff who would avail himself of either must bring himself within the statute. The proceedings however in this case áre not under the act of 1815, but at common law. The declaration sets forth that the defendants are indebted as vendue masters, to entitle the case to preference on the docket: As in the Courts of the United States the pleadings must state, that the parties are aliens or citizens of different states to give jurisdiction. So far is the act óf Í815 from giving a remedy unknown to the common law, that it repeals in part the insolvent debtors act, which did limit the commoh law rights of the plaintiff. In the case of Roseblanch vs. Cleary Gieu, it was decided that the proper time for contesting'the right of the defendants to the benefits - qí the insolvent debtors act is on his application for the same.
Should the defendants think proper to contest the right of the plaintiff to a preference on the docket, he can always do so by his pleadings.
The motion in this case is refused.
Justices Colcock, Gantt and Richardson, concurred».